Dr Jennifer Lotusson, *pro se*
672 W 220 S
Pleasant Grove, Utah 84062

Phone: 307-431-4957
Email: infinitelyhealing@gmail.com

FILED US District Court-UT
JUN 10 '24 PM02:47

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| JENNIFER LOTUSSON,<br><br>     Plaintiff,<br><br>vs.<br><br>UTAH DIVISION OF PROFESSIONAL LICENSING OF THE DEPARTMENT OF COMMERCE OF THE STATE OF UTAH,<br><br>     Defendants. | Case: 2:24-cv-00418<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 6/10/2024<br>Description: Lotusson v. Utah Division of Professional Licensing of the Department of Commerce of the State of Utah<br><br>Judge _____<br><br>Jury Trial |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Jennifer Lotusson, proceeding without assistance of counsel, as an unrepresented pro se litigant, brings this Complaint for Declaratory Relief Against a Threatened State Criminal Prosecution, where the state statute would be unconstitutional as applied against the Plaintiff for threatening felony criminal prosecution against the Plaintiff for exercising her Constitutional Rights under the First and Fourteenth Amendments to the United States Constitution, and under Article 1 Section 4 of the Utah Constitution.

### INTRODUCTION

The affidavit of the Plaintiff, Rev. Dr. Jenn Lotusson, CTIP ONAC Branch Leader & Medicine Person ONAC of The Lotus Sanctuary, attached as an exhibit, explains that the State

1

of Utah's statute for medical licensing statutorily exempts her from the requirement to have a medical license, 58-67-305 Exemptions from licensure. "(4) a person engaged in good faith in the practice of the religious tenets of any church or religious belief, without the use of prescription drugs;"

Plaintiff's affidavit also states that her attorney was told that they intended to file felony criminal charges against her and prosecute her for practicing medicine without a license, even though the statute exempts the Plaintiff from being required to have a medical license.

Plaintiff's affidavit explains there was not enough time in a one hour scheduled for the hearing to call witnesses and examine them on the rights to receiving care in healthcare facilities under Native and Monastic Jurisdiction. Plaintiff's counsel also notified Defendants that she was not using pharmaceuticals and only practicing naturopathic, holistic, and Indigenous modalities that were only being received by members of both of Plaintiff's licensing organizations which fall under Native and private church membership.

1. The Supreme Court held in a similar case of threatened criminal prosecution, where criminal charges had not yet been filed, that the case presents an "actual controversy" under Art. III of the Constitution and the Federal Declaratory Judgment Act, the alleged threats of prosecution in the circumstances alleged not being "imaginary or speculative" and it being unnecessary for the petitioner to expose himself to actual arrest or prosecution to make this constitutional challenge. Steffel v. Thompson, 415 U.S. 452 (1974).

2. Federal declaratory relief is not precluded when a prosecution based upon an assertedly unconstitutional state statute has been threatened, but is not pending, even if a showing of bad faith enforcement or other special circumstances has not been made. Pp. 415 U. S. 460-473.

(a) When no state criminal proceeding is pending at the time the federal complaint is filed, considerations of equity, comity, and federalism on which *Younger v. Harris* and *Samuels v. Mackell,* were based, have little vitality: federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles. Pp. 415 U. S. 460-462

(b) Even if the Court of Appeals correctly viewed injunctive relief as inappropriate (a question not reached here, petitioner having abandoned his request for that remedy), the court erred in treating the requests for injunctive and declaratory relief as a single issue and in holding that a failure to demonstrate irreparable injury precluded the granting of declaratory relief. Congress plainly intended that a declaratory judgment be available as a milder alternative than the injunction to test the constitutionality of state criminal statutes. Pp. 415 U. S. 462-473.

3. In determining whether it is appropriate to grant declaratory relief when no state criminal proceeding is pending, it is immaterial whether the attack is made on the constitutionality of a state criminal statute on its face or as applied. *Cameron v. Johnson,* 390 U. S. 611, distinguished. Pp. 415 U. S. 473-475.

PARTIES

1. Plaintiff Dr Jennifer Lotusson, is a permanent resident of the State of Utah, that at all times resided at 381 E. Marina Circle, Saratoga Springs, UT 84045. Her healthcare practice ONAC of The Lotus Sanctuary (formerly Infinitely Healing Indigenous Priory) is located at 672 W. 220 So. Pleasant Grove, UT 84062.

2. Defendants Utah Division of Professional Licensing of the Department of Commerce of the State of Utah At the Department of Commerce, Herbert M. Wells Bldg., 2nd Floor, 160 East 300 South, Salt Lake City, Utah.

## JURISDICTION AND VENUE

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201-2202 and Rule 57, Federal Rules of Civil Procedure, Declaratory Judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding.

Jurisdiction and Venue is proper in this court because the United States District Court for the State of Utah is the federal judicial district embracing the Utah Division of Professional Licensing of the Department of Commerce of the State of Utah where the civil action was originally filed.

## FACTUAL BACKGROUND

A. Underlying Action

Dr. Jennifer Lotusson has been licensed to serve under Oklevueha Native American Church as a Medicine Woman, Professor for ONAC University of Indigenous Medicine, Branch leader, and Spiritual leader since 2021. She does not use pharmaceuticals in her practice, and only practices naturopathic, holistic, and Indigenous modalities that were only being received by members of both her licensing organizations which fall under Native American and private church memberships.

Dr. Jennifer Lotusson is licensed as an ordained minister of monastic medicine, by the Pastoral Association of Monastic Medicine since July 2021. The Reverend Dr. Jenn Lotusson has been licensed under the Sovereign Ecclesiastical Church of The East, and the Grand Priory of Turtle Island Network as a licensed Minister of health, Doctor of Indigenous Medicine,

4

Certified Indigenous Practitioner, and Professor for The American University of Indigenous Medicine since July 2017. She is also licensed under the Chaldean Church in an International Position Licensed Minister of Monastic Medicine in the Ecclesiastical Department of Dynastic Healing and Education. See the affidavit of Dr. Jennifer Lotusson, attached as an exhibit, and the copies of each of her licenses and decrees, also attached as exhibits.

The Utah Division of Professional Licensing of the Department of Commerce of the State of Utah sent Dr. Jennifer Lotusson a summons to appear for a hearing she had not requested. Due to certain problems with scheduling and conflicts, the hearing had to be rescheduled several times.

Dr. Jennifer Lotusson retained new counsel who met with the board on her behalf to see about making an arrangement for additional time for the hearing, so there would be enough time to call witnesses and examine the witnesses about their rights under the First and Fourteenth Amendment, and their rights under American Indian Religious Freedom Act (AIRFA) of 1978 (42 U.S.C. § 1996) protects the rights of Native Americans to practice their traditional religions.

The Board told Dr. Jennifer Lotusson retained new counsel that they only had one hour for the hearing, and if they needed more time they would have to continue the hearing in the State Court. They also told Dr. Jennifer Lotusson retained new counsel they intended to file felony criminal charges against her for practicing medicine without a license, although the Utah statute exempts Dr. Jennifer Lotusson from the requirement to have a license. See the affidavit of Dr. Jennifer Lotusson, attached as an exhibit.

The Board's realistic threatened felony criminal prosecution of Dr. Jennifer Lotusson is a violation of her Constitutional rights under the first and fourteenth amendment, and her rights

5

under the Utah Constitution. It also violates the rights of the licensed members of the two churches for her holistic healing and teaching.

The Immediate and irreparable harm that could not be overcome, is the effect of what the unconstitutional arrest and prosecution of Dr. Jennifer Lotusson would do to her, her family, and her members that come to her for help. Since the Defendants have threatened to arrest and criminally prosecute Dr. Jennifer Lotusson on felony criminal charges, and because the statute they intend to use exempts her from being required to have a license, Dr. Jennifer Lotusson believes the Defendants unconstitutional use of the statute would be unconstitutional as applied to Dr. Jennifer Lotusson.

Dr. Jennifer Lotusson stated in her affidavit, attached as an exhibit, "At this time, Mr. Marx and Ms. Phelps informed Mr. Reiser that if the hearing needed to go longer than an hour that they would need to proceed in the Third District court. They also informed him that they would be filing Felony Criminal charges against me for practicing medicine without a license. Mr. Reiser notified them that to continue in the Administrative Hearing (which I never requested- I was just notified of) that there would not be ample time for us to call witnesses and cross examine the Federal issues that had to be addressed regarding rights to receiving care in healthcare facilities under Native and Monastic Jurisdiction. He also notified them that I was not using pharmaceuticals and only practicing naturopathic, holistic, and Indigenous modalities that were only being received by members of both my licensing organizations which fall under Native and private church membership. Mr. Marx and Ms. Phelps stated that residents of Utah should not be allowed to join and be members of such organizations and receive care at facilities such as ours. Mr. Reiser disagreed and discussed the laws that allow all people to join such organizations and receive the same benefits as a Native American if the organization allows it

and has an organization to manage their healthcare facilities and licensing such as Turtle Island Network and Oklevueha Native American Church. I have been licensed to serve under Oklevueha Native American Church as a Medicine Woman, Professor for ONAC University of Indigenous Medicine, Branch leader, and Spiritual leader." See Dr. Jennifer Lotusson affidavit.

## FIRST CAUSE OF ACTION

1. Plaintiff repeats reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein verbatim and fully at length.

2. The preceding allegations alleges the Defendants have realistically threatened felony criminal prosecution of the Plaintiff for practicing medicine without a license, even though the statute exempts the Plaintiff from being required to have a medical license to practice the Tennent's of her religious beliefs of any church.

3. Plaintiff seeks a declaratory judgment that if the statute exempts the Plaintiff from being required to have a medical license, that the threatened felony criminal prosecution of the Plaintiff would be a violation of her constitutional rights under the First and Fourteenth Amendments to the constitution of the United States.

## SECOND CAUSE OF ACTION

4. Plaintiff repeats reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein verbatim and fully at length.

5. The preceding allegations alleges the Defendants have realistically threatened felony criminal prosecution of the Plaintiff for practicing medicine without a license, even though the statute exempts the Plaintiff from being required to have a medical license to practice the Tennent's of her religious beliefs of any church.

6. Plaintiff seeks a declaratory judgment that if the statute exempts the Plaintiff from being required to have a medical license, that the threatened felony criminal prosecution of the Plaintiff would be a violation of her constitutional rights under the Constitution of the State of Utah.

THIRD CAUSE OF ACTION

7. Plaintiff repeats reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein verbatim and fully at length.

8. The preceding allegations alleges the Defendants have realistically threatened felony criminal prosecution of the Plaintiff for practicing medicine without a license, even though the statute exempts the Plaintiff from being required to have a medical license to practice the Tennent's of her religious beliefs of any church.

9. Plaintiff seeks a declaratory judgment that if the statute exempts the Plaintiff from being required to have a medical license, that the threatened felony criminal prosecution of the Plaintiff would be a violation of her constitutional rights to practice the Tennent's of her religious beliefs of the Oklevueha Native American Church, and any individual branches thereof.

FOURTH CAUSE OF ACTION

10. Plaintiff repeats reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein verbatim and fully at length.

11. The preceding allegations alleges the Defendants have realistically threatened felony criminal prosecution of the Plaintiff for practicing medicine without a license, even though the

8

statute exempts the Plaintiff from being required to have a medical license to practice the Tennent's of her religious beliefs of any church.

12. Plaintiff seeks a declaratory judgment that if the statute exempts the Plaintiff from being required to have a medical license, that the threatened felony criminal prosecution of the Plaintiff, if she did not attend the hearing, plead guilty and pay the $7500 fine, could be found to be extortion.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, the Plaintiff prays this court will find that this case does state a case in controversy under Article III, for the realistic threatened felony criminal prosecution for the Plaintiff exercising her constitutional rights when the statute exempts the Plaintiff from being required to have a medical license to practice the tenants of her religious beliefs of her churches.

Dated this 10th day of June 2024.

Dr Jennifer Lotusson, *pro se*

CERTIFICATE OF SERVICE

This is to certify that this complaint for declaratory judgment together with exhibits, was

emailed, mailed, faxed or hand delivered to:

Utah Division of Professional
Licensing of the Department of
Commerce of the State of Utah

At the Department of Commerce
Herbert M. Wells Bldg., 2nd Floor
160 East 300 South
Salt Lake City, Utah

On this _10th_ day of _June_ 2024,

Signed _____

10