IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER LOTUSSON,<br><br>                Plaintiff,<br><br>v.<br><br>UTAH DIVISION OF PROFESSIONAL LICENSING OF THE DEPARTMENT OF COMMERCE OF THE STATE OF UTAH,<br><br>                Defendant. | **ORDER DENYING AS MOOT [6] [7] [8] PLAINTIFF'S MOTIONS TO STAY;**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION GRANTING [11] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:24-cv-00418-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 10). Before the court is Defendant Utah Division of Professional Licensing of the Department of Commerce of the State of Utah's (Defendant) Motion to Dismiss (Motion to Dismiss) (ECF 11). The court also considers Plaintiff Jennifer Lotusson's (Plaintiff) Response (ECF 14) and Defendant's Reply memoranda (ECF 15). Furthermore, the court has considered the three motions filed by Plaintiff requesting a stay in the related state court proceedings (collectively, Motions to Stay) (ECF 6; ECF 7; ECF 8). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned DENIES as MOOT Plaintiff's Motions to Stay and further RECOMMENDS that the court GRANT the Motion to Dismiss.

                **I.      BACKGROUND**

On June 10, 2024, Plaintiff initiated this action by filing the Complaint against Defendant pursuant to 42 U.S.C. § 1983, alleging that Defendant had violated her civil rights (ECF 1).

Specifically, Plaintiff alleges that Defendant had communicated to her its intent "to file felony criminal charges against [Plaintiff] and prosecute her for practicing medicine without a license," even though, according to Plaintiff, there is a Utah statute that "exempts" Plaintiff from the typical medical licensure requirements (*id.* at 2). Plaintiff therefore seeks a declaratory judgment stating that any felony criminal prosecution against her related to her lack of a medical license "would be a violation of her constitutional rights" (*id.* at 7–8).

Shortly after filing the Complaint, between June 11 and 13 of 2024, Plaintiff filed three separate motions requesting a stay of certain state court proceedings (ECF 6; ECF 7; ECF 8). The apparent reason for Plaintiff's initial requests was to avoid a state court hearing that was scheduled for June 12, 2024 (ECF 6 at 2; ECF 7 at 2). In her third request for a stay, Plaintiff stated that she "did not appear" at the June 12 hearing and she indicated that she wanted to amend her earlier request and stay all "further state court proceedings" related to this matter (ECF 8 at 3–4).

On May 1, 2024, Defendant filed the Motion to Dismiss, asserting that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted (ECF 11). Defendant maintains it is not the proper defendant in this action because Defendant is an agency and not a "person" for purposes of claims brought under Section 1983 (*id.* at 4) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). Accordingly, Defendant avers that "Plaintiff has failed to state a claim against a viable defendant and no relief can be granted"; thus, dismissal of the Complaint is warranted (ECF 11 at 4). As concerns Plaintiff's Motions to Stay, Defendant indicated that Plaintiff's requests were now moot, based on the posture of the state court proceedings (*id.* at 2). Defendant thus maintains that

those motions did not warrant a substantive response but, nevertheless, offered to provide one if the court deemed it necessary (*id.*).[1]

In opposition to Defendant's Motion to Dismiss, Plaintiff asserts that Defendant "misunderstand[s]" her complaint for declaratory judgment (ECF 14 at 1). Plaintiff argues that to bring a claim under Section 1983 "there generally must be an injury for which the court can grant relief prior to a party bringing a lawsuit" (*id.* at 2). But declaratory judgments, according to Plaintiff, "are an exception to this rule" (*id.*). Plaintiff then points to the Federal Declaratory Judgment Act, *see* 28 U.S.C.A. § 2201, arguing that, unlike Section 1983, a declaratory judgment action does not require that a suit be brought against a "person" (ECF 14 at 2). For that reason, Plaintiff believes she is entitled to bring the present action against Defendant, even though Defendant is a government agency (*id.*).

## II. LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm,*

---

[1] Finding that a response to the Motions to Stay is not necessary in order to rule on the motions, the court does not require Defendant, at this time, to file any additional response.

*P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted*, 2021 WL 76163 (D. Utah Jan. 8, 2021).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). The court "will [also] not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

### III. DISCUSSION

#### A. Motion to Dismiss

In her original filings, including the Civil Cover Sheet, Plaintiff indicated that the basis for her suit is 42 U.S.C. § 1983, as she believes Defendant has violated her civil rights by taking action—or threatening to take action—against her for practicing medicine without a license (ECF 1 at 9; ECF 1-1). As explained by the United States Supreme Court, Section 1983 does not create specific rights; rather, it "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 624 (1979)). Moreover, "[t]o state a claim under § 1983, a plaintiff . . . must show that the alleged [constitutional] deprivation was committed by *a person* acting under color of state

law." *Whitehead v. Marcantel*, 766 F. App'x 691, 695 n.1 (10th Cir. 2019) (emphasis added) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

When considering claims brought under Section 1983, one of the governing principles is that a State does not qualify as "a person" within the meaning of that statute. *See Will*, 491 U.S. at 64. What's more, unless abrogated by Congress, or immunity is expressly waived by the State, a state agency is similarly exempt from suit under Section 1983. *See Just. v. Oklahoma Dep't of Hum. Servs. Child Welfare*, 122 F. App'x 938, 940 (10th Cir. 2004); *see also Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1138 (D.N.M. 2020) (noting that a state agency is not considered a "person" under Section 1983). The court therefore agrees with Defendant that, as a state agency, it is not the proper defendant for Plaintiff's Section 1983 claims.

In defense of her Complaint, Plaintiff does not dispute Defendant's assertion that it is a state agency and that a suit against Defendant is, in essence, a suit against the State of Utah. Nor does she dispute Defendant's related claim that it does not constitute a "person" under Section 1983. Instead, Plaintiff attempts to reframe her suit as being brought under the Declaratory Judgment Act and not pursuant to Section 1983 (ECF 14 at 1–3). In support of her argument, Plaintiff points to the plain language of the Declaratory Judgment Act, which she correctly notes does not contain a requirement that claims be asserted against a "person" (*id.*). *See* 28 U.S.C.A. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."). For that reason, Plaintiff argues that she can maintain her suit against a state

5

agency and that she therefore has named the proper defendant in her Complaint (*id.*). Based on controlling law however the court disagrees with Plaintiff on this point.

As explained by the Tenth Circuit, "the Declaratory Judgment Act does not provide an independent federal cause of action." *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022). Instead, "[i]t merely empowers a court '[i]n a case of actual controversy within its jurisdiction' to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Id.* (quoting 28 U.S.C.A. § 2201(a)). As a result, the Declaratory Judgment Act widens the range of possible remedies available to federal litigants, "but it leaves 'substantive rights unchanged.'" *Nero*, 2022 WL 14423872, at *2 (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959)).

Accordingly, "to maintain an action for a declaratory judgment," Plaintiff "must assert a valid federal cause of action—one that exists independent of any request for declaratory relief." *See Nero*, 2022 WL 14423872, at *2. Upon review of the Complaint in its entirety, and the associated Civil Cover Sheet, the only federal causes of action that Plaintiff raises are under Section 1983. Indeed, one of the primary cases relied on by Plaintiff in her Complaint, as a valid comparison and basis for her suit, was grounded in Section 1983, and the relief requested in that matter was also for declaratory judgment (ECF 1 at 2–3) (citing *Steffel v. Thompson*, 415 U.S. 452, 454 (1974)). Other than pointing to the Declaratory Judgment Act, Plaintiff puts forth no other federal causes of action as a basis for her suit and—while remaining mindful of the fact that Plaintiff is proceeding pro se—the court cannot "supply additional factual allegations to round out" Plaintiff's Complaint or "construct a legal theory" on her behalf to help her avoid dismissal of her claims. *See Whitney*, 113 F.3d at 1175.

Consequently, similar to the court in *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872 (10th Cir. Oct. 25, 2022), this court determines that Plaintiff cannot escape the requirements of a Section 1983 claim—that it be brought against a "person" and not a state agency—by attempting to reframe her cause of action as one for declaratory judgment. Because Plaintiff has failed to name a proper defendant in her pleading, the undersigned recommends the Complaint be dismissed.

### B. Motions to Stay

Finally, the court addresses the Motions to Stay filed by Plaintiff (ECF 6; ECF 7; ECF 8). As Defendant pointed out in its Motion to Dismiss, Plaintiff's requested stays are now moot, given that the hearing dates referenced in her motions have long since passed (ECF 11 at 2). In her response to the Motion to Dismiss, Plaintiff did not provide any additional insights into the current status of the related state court proceedings (*see generally* ECF 14). Based on the filings in this matter, the court therefore has no way of knowing whether those proceedings are ongoing or have been concluded.

Considering the court's conclusion that Plaintiff has failed to name a proper defendant in the Complaint, along with Plaintiff's failure to respond to or otherwise dispute Defendant's claim that her requested stay is now moot and on that basis they are DENIED.

### ORDER AS TO THE MOTIONS TO STAY

For the aforementioned reasons, the court DENIES as MOOT Plaintiff's Motions to Stay (ECF 6; ECF 7; ECF 8).

### RECOMMENDATION AS TO THE MOTION TO DISMISS

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF 11) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20 December 2024.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah