IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENNIFER LOTUSSON,<br><br>Plaintiff,<br><br>v.<br><br>UTAH DIVISION OF PROFESSIONAL LICENSING OF THE DEPARTMENT OF COMMERCE OF THE STATE OF UTAH,<br><br>Defendants. | ORDER AFFIRMING AND ADOPTING REPORT & RECOMMENDATION AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 2:24CV00418-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This case was assigned to United States District Court Judge Dale A. Kimball, who referred the case to United States Magistrate Judge Cecilia R. Romero under 28 U.S.C. § 636(b)(1)(B). On July 1, 2024, Defendant filed a Motion to Dismiss Under Rule 12(b)(6).[1] After full briefing, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the court grant Defendant's Motion to Dismiss.[2] In its motion, Defendant argued that a state agency was not a proper defendant for Plaintiff's Section 1983 claims. Plaintiff had countered that her suit was brought under the Declaratory Judgment Act and not under Section 1983, thus Plaintiff claimed, a state agency was a proper defendant.

In the R&R, the Magistrate Judge found that the Declaratory Judgment Act does not provide an independent federal cause of action and that the only federal causes of action that

---

[1] ECF No. 11.
[2] ECF No. 19.

Plaintiff had raised were under Section 1983. Because Plaintiff had failed to name a proper defendant in her pleading, the Magistrate Judge recommends dismissal without prejudice. The Magistrate Judge also denied Plaintiff's Motions to Stay as moot.

On January 6, 2025, Plaintiff timely filed an "Objection,"[3] and a "Motion to Join Additional Defendants."[4] In her objection, Plaintiff essentially asks this court to reject the R&R and to grant her motion to add individually named defendants. She also asks the court to reconsider the denial of the motions to stay because, she claims, they are not moot.[5]

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The court has reviewed the Report and Recommendation and the record *de novo* and agrees with Magistrate Judge Romero's recommendation to dismiss this action without prejudice. The court denies Plaintiff's Motion to Join Additional Defendants because it is premature at this juncture. The court, however, will permit Plaintiff to file an Amended Complaint, naming individual defendants and clarifying what cause of action she is asserting.[6] By permitting the filing of an Amended Complaint, the court does not opine on the propriety of naming the proposed individual

---

[3] ECF No. 20.
[4] ECF No. 21.
[5] The Magistrate Judge had full authority to decide these motions, but for the sake of judicial economy, the court addresses Plaintiff's request for reconsideration of the denial of these motions.
[6] In her Objection, Plaintiff appears to continue to assert that she is not asserting a Section 1983 claim but rather a claim under the Declaratory Judgment Act. As the Magistrate Judge explained in the R&R, the Declaratory Judgment Act does not provide an independent cause of action, and a plaintiff "must assert a valid federal cause of action—one that exists independent of any request for declaratory relief." *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022).

defendants and recognizes that several of the proposed Defendants are likely immune from suit.

Accordingly, the court AFFIRMS and ADOPTS Magistrate Judge Romero's Report and Recommendation [ECF No. 19] in its entirety, including the denial of the various Motions to Stay as moot. Accordingly, Defendant's Motion to Dismiss [ECF No. 11] is GRANTED, and this action is dismissed without prejudice.  Plaintiff is granted leave to file an Amended Complaint by February 12, 2025.

DATED this 9th day of January 2025.

BY THE COURT:

*[signature]*

DALE A. KIMBALL
United States District Judge