IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER LOTUSSON,<br><br>    Plaintiff,<br>v.<br><br>JUDGE AMY GOWAN, JUDGE SU CHON, LARRY MARX, BENJAMIN BAKER, MARK B. STEINAGEL, MARGARET W. BUSSE, KIMBERLY LESH, and JOHN DOE DEFENDANTS 1-10,<br><br>    Defendants. | **REPORT AND RECOMMENDATION GRANTING [40] DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:24-cv-00418-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 10). Before the court is Defendants Administrative Law Judge (ALJ) Amy Gowan (Judge Gowan), ALJ Su Chon (Judge Chon), Larry Marx (Marx), Benjamin Baker (Baker), Mark Steinagel (Steinagel), Margaret Busse (Busse), and Kimberly Lesh's (Lesh) (collectively, Defendants) Motion to Dismiss (ECF 40) (Motion to Dismiss). The court also considers Plaintiff Jennifer Lotusson's (Plaintiff) Response in Opposition (ECF 48) (Opposition) and Defendants' Reply (ECF 51) (Reply). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned RECOMMENDS that the court GRANT the Motion.

### I.    BACKGROUND

These facts are gathered from Plaintiff's Amended Complaint (ECF 23) (Am. Compl.) and the Exhibits attached thereto (ECF 23-1) (Exhibits).[1]

---

[1] "In considering a motion to dismiss, a district court not only considers the complaint, 'but also the attached exhibits.'" *Floyd v. Lamrite W., Inc.*, No. 1:20-CV-99 TS, 2021 WL 1550815, at *2 (D. Utah Mar. 18, 2021) (quoting *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011)).

As alleged in the Amended Complaint, Plaintiff is a licensed Medicine Woman under the Oklevueha Native American Church (ONC), Professor for ONC University of Indigenous Medicine, and spiritual leader of ONC (Am. Compl. at 8). Defendants Judge Gowan and Judge Chon are ALJs for the Utah Department of Commerce (*id*. at 3). The remaining Defendants are all employees of the Department of Professional Licensing (DOPL): Marx is the head of the DOPL, Steinagel is a Division Director, Baker is an Investigator, and Lesh is an Event Organizer (*id*.).

On October 6, 2022, Plaintiff was issued a citation for practicing medicine in Utah without a license in violation of Utah Code Ann. § 58-1-501(1)(a) (*see* Exhibits at 38). The citation included a cease-and-desist order and a $7,500 civil fine (*id*. at 38–39). Plaintiff (and her counsel, when applicable), through various communications with the DOPL, indicated that the citation was improper because Plaintiff was "exempt" from Utah's licensure requirements under Utah Code Ann. 58-67-305(4) (*see* Am. Compl. at 1; Exhibits at 3–6, 97–98). Sometime after the issuance of the citation, DOPL sent Plaintiff a summons to appear before DOPL for a hearing (DOPL Hearing) to address issues concerning the citation (Am. Complaint at 8). After being rescheduled multiple times, the DOPL hearing was scheduled for April 17, 2024 (Exhibits at 100). Judge Gowan presided over the DOPL hearing (*id*. at 100–103). Judge Chon was originally assigned to preside over the DOPL hearing but recused herself (*id*. at 84).

On March 11, 2024, Plaintiff's then counsel, Hal Reiser (Reiser), attended a meeting to discuss the citation (Am. Compl. at 4; Exhibits at 3). In attendance were N. Michelle Phelps, the Assistant Attorney General for the state of Utah, and Defendant Marx (Exhibits at 3). During this meeting, Plaintiff alleges these individuals informed Reiser that they would file felony criminal charges against Plaintiff for practicing medicine without a license (*id*.).

On April 14, 2024, Plaintiff (proceeding *pro se*) requested that the DOPL hearing be rescheduled based on her need to retain counsel (*id*. at 100). Judge Gowan entered an Order denying Plaintiff's request to reschedule (*id*. at 100–103), indicating that the DOPL hearing scheduled for April 17, 2024, would proceed (*id*. at 102). That same day, Plaintiff sent an email to Judge Gowan challenging the DOPL hearing (*id*. at 97–98). Plaintiff initiated this action on June 10, 2024 (ECF 1). Plaintiff's Amended Complaint was filed pursuant to 42 U.S.C. § 1983 and seeks money damages and declaratory relief for Defendants' alleged civil rights violations (Am. Compl. at 1).

Defendants filed the present Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted (ECF 40). Defendants assert that the Amended Complaint should be dismissed because: "(1) the Amended Complaint fails to allege affirmative acts against all Defendants as required under Federal Rule of Civil Procedure 8; (2) Plaintiff does not have standing to seek declaratory judgment for alleged future prosecutions; and (3) Defendants are immune from suit under § 1983" (*id*. at 12 and 16). Plaintiff contends that she has standing to request a declaratory judgment because the Defendants, by their actions, posed a credible threat of felony criminal prosecution (ECF 48 at 8), and that Defendants' theories of immunity do not apply here (*id*. at 9–13).

## II.   LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted*, 2021 WL 76163 (D. Utah Jan. 8, 2021).

Because Plaintiff is acting *pro se,* her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See Hall*, 935 F.2d at 1110. The court "will [also] not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Furthermore, a party "cannot amend [its] complaint through a brief in opposition to [a] motion to dismiss." *Ayres v. Portfolio Recovery Associates, LLC*, No. 2:17-CV-01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018) (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).

Lastly, "[i]n considering a motion to dismiss, a district court not only considers the complaint, 'but also the attached exhibits.'" *Floyd v. Lamrite W., Inc.*, No. 1:20-CV-99 TS, 2021 WL 1550815, at *2 (D. Utah Mar. 18, 2021) (quoting *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011)). The court also

considers the "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Id*. (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

### III. DISCUSSION

The court begins by explaining how it interprets Plaintiff's claims. Defendants, in their Motion, provide a liberal reading of Plaintiff's claims (ECF 40 at 6). Plaintiff, in her Response, disagrees with Defendants' characterization of her claims, and indicates that the claims listed by Defendants are only their "interpretation" of her claims and that she relies instead on "the claims she actually raised in her amended complaint" (ECF 48 at 2). Accordingly, the court limits its interpretation of Plaintiff's claims to the five causes of action as raised in her Amended Complaint.

Plaintiff alleges that she "seeks a declaratory judgment that if the statute exempts [her] from being required to have a medical license, the threatened felony criminal prosecution of [her] would": be a violation of her constitutional rights under the First and Fourteenth Amendments to the United States Constitution (First Cause of Action); be a violation of her constitutional rights under the Utah Constitution (Second Cause of Action), be a violation of her constitutional rights to practice the Tenet's of her religious beliefs (Third Cause of Action), could be found to be extortion (Fourth Cause of Action), and caused Plaintiff and others irreparable damage to her reputation and to suffer damages in an amount to be determined at trial (Fifth Cause of Action) (Am. Compl. at 11–13).

The precise legal nature of the Third through Fifth Causes of Action is unclear. By way of example, Plaintiff's Fourth Cause of Action conflates requests for declaratory judgment and a

request that the court find that Plaintiff's actions constituted the tort of extortion. Also, Plaintiff's Fifth Cause of Action conflates requests for declaratory judgment and a request for money damages. Notwithstanding, under a liberal reading of the Amended Complaint, the court determines that Plaintiff is seeking prospective relief in the form of various declaratory judgments, retrospective relief in the form of damages resulting from Defendants' alleged § 1983 violation, and asserting a claim of extortion.

### A. <u>Failure to Plead Against All Named Defendants</u>

Defendants argue the Motion should be granted because Plaintiff has not met the requirement of Federal Rule of Civil Procedure 8 because there are no allegations of personal involvement regarding Marx, Steinagel, Busse, and Lesh, which is material because there is no respondeat superior liability under § 1983 (ECF 40 at 15–16). Plaintiff claims that respondeat superior does apply and that she has shown individual liability for these named Defendants (Response at 10).

Defendants are correct that there is no respondeat superior liability under § 1983. *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) ("Section 1983 does not authorize liability under a theory of respondeat superior."). And to the extent that Plaintiff claims vicarious liability, this is also inapplicable in § 1983 actions. *See Iqbal*, 556 U.S. at 676 ("[V]icarious liability is inapplicable to. . . § 1983 suits . . ."). Defendants are also correct that liability under § 1983 requires that each defendant receive fair notice of the claims against them. *See Estate of Roemer v. Johnson*, 764 F. App'x 784, 790–91 (10th Cir. 2019) (Under 42 U.S.C. § 1983, "the plaintiff must demonstrate the defendant 'personally participated in the alleged constitutional violation' at issue." (quoting *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018))). For the reasons stated below, the court finds that the Amended Complaint does not allege specific allegations against all Defendants.

Courts have routinely held that Rule 8 requires that the complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests, and the determination of fair notice under Rule 8 "depends on the type of case...." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 231–32. (3d Cir. 2008)). The Tenth Circuit has held that "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Id*. at 1249. Because there are multiple Defendants in this actions each with distinct roles and titles with the DOPL, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly,* 127 S.Ct. at 1970–71 n.10). Here, there is no fair notice to any Defendant.

Most importantly, Plaintiff addresses Defendants collectively throughout the entire Amended Complaint but does not indicate how each defendant specifically violated her constitutional rights. The crux of her claims is based on the alleged threat of prosecution on March 11, 2024, but the only Defendant present when the threat was made was Defendant Marx (Am. Compl. at 4). However, the Amended Complaint does not even assert that Marx was the individual who made the threat (*see id*.). Later, the Amended Complaint asserts that "the Board" made the threat (*id*. at 9), but Plaintiff does not identify which Defendants, if any, are members of the Board, or how any Defendant participated in or authorized the alleged threat. As such, the Amended Complaint contains no factual allegations linking Defendants to the alleged threat or suggesting that they directed, approved, ratified, or were even aware of it. While the Amended Complaint

indicates that Defendants each played a role in bringing the administrative proceedings against Plaintiff, Plaintiff asserts that the proceedings were unconstitutional due to the threat of criminal prosecution. As such, she must link each Defendant to the threat; if not, Plaintiff could bring an action against any DOPL employee. While the court must liberally read the Amended Complaint, it will not supplement the facts necessary to provide each Defendant with notice. As stated by the Tenth Circuit in *Robbins*:

> We need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Robbins*, 519 F.3d at 1250 (10th Cir. 2008) (citing *Atuahene v. City of Hartford,* 10 F. App'x 33, 34 (2d Cir. May 31, 2001) (granting a motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'")).

Because the Amended Complaint only asserts collective allegations against "Defendants," the court finds that Defendants are left without notice as to what actions are alleged as grounds for their individual liability. *See Twombly,* 550 U.S. at 570 ("to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face."). Thus, the court recommends that the Motion be granted. However, in addition to the notice deficiencies, as explained in detail below, Plaintiff does not have standing to seek declaratory relief, and her other claims are barred by various immunities.

**B. Plaintiff's Prospective Claims for Declaratory Relief**

Plaintiff's five causes of action each seek some form of declaratory judgment arising from the alleged unconstitutional threat of criminal prosecution (Am. Compl. at 11–13). Defendants assert that Plaintiff does not have standing to seek declaratory relief, and the court agrees.

The Declaratory Judgment Act (the Act) states in pertinent part that, "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Tenth Circuit has found that the Act "presents two separate hurdles." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citing *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989)).

First, "a declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement." *Id*. (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–40 (1937)). To meet this hurdle, "[a] declaratory judgment suit must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' must be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 1244 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007)). The central "question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Second, even if a constitutionally cognizable controversy exists, "district courts 'may'—not 'must'—make a declaration on the merits of that controversy; accordingly, . . . district courts are entitled to consider a number of case-specific factors in deciding whether or not to exercise their statutory declaratory judgment authority." *Id*. (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982–83 (10th Cir. 1994)).

The court begins by determining whether Plaintiff has standing to seek declaratory judgment, or in other words, whether the Amended Complaint sufficiently alleges an "actual controversy." *See Straw v. Utah*, No. 23-4036, 2023 WL 4197651, at *2 (10th Cir. June 27, 2023) ("Standing concerns whether a plaintiff's action qualifies as a case or controversy when it is filed[.]" (quoting *Brown v. Buhman*, 822 F.3d 1151, 1163 (10th Cir. 2016))). "The doctrine of standing requires a litigant to 'prove [(1)] he has suffered a concrete and particularized injury [(2)] that is fairly traceable to the challenged conduct, [(3)] and is likely to be redressed by a favorable judicial decision.'" *Id*. (quoting *Carney v. Adams*, 141 S. Ct. 493, 498 (2020)). The party invoking federal jurisdiction (in this case, Plaintiff) bears the burden of establishing each element of standing. *Id*. (citing *Carney*, 141 S. Ct. at 499).

       i.  *Injury in Fact*

An injury-in-fact is an "'invasion of a legally protected interest' that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical." *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004) (quoting *Lujan*, 504 U.S. at 560)*, see also Straw*, 2023 WL 4197651, at *3 ("A party facing prospective [rather than suffering retrospective] injury has standing to sue where the threatened injury is real, immediate, and direct." (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008))). .

"[W]hile a plaintiff who has been constitutionally injured can bring a § 1983 action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Furthermore, when seeking equitable relief such as a declaratory judgment, "past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citing *Beattie v. United States,* 949 F.2d 1092, 1094 (10th Cir. 1991)). "Consequently, we must look beyond the initial controversy and decide whether the present dispute is sufficiently immediate and real." *Id.*

Plaintiff alleges "[t]he [i]mmediate and irreparable harm that could not be overcome, is the effect of what the unconstitutional arrest and prosecution of Dr. Jennifer Lotusson would do to her, her family, and the members that come to her for help" (Am. Compl. at 9). Each of Plaintiff's five causes of action is premised upon the harm caused by the alleged unconstitutional threat of prosecution. Defendants assert that this is not an injury in fact because "Plaintiff has only alleged the future hypothetical harm that Utah will prosecute her from the unlicensed practice of medicine, without establishing a real threat of such prosecution by Defendants in this case" (ECF 40 at 8). The court agrees.

Threatened criminal prosecutions can be the basis of establishing an injury in fact, as indicated by *Steffel v. Thompson*, 415 U.S. 452 (1974), the Supreme Court case cited in the Amended Complaint (Am. Compl. at 5). And "[i]n these circumstances, it is not necessary that petitioner first expose [herself] to actual arrest or prosecution to be entitled to challenge a statute that [she] claims deters the exercise of his constitutional rights. *Id*. at 459 (citing *Epperson v. Arkansas*, 393 U.S. 97 (1968)). However, the mere assertion of past exposure to alleged illegal

conduct is not sufficient to establish an injury in fact. *See McClendon*, 100 F.3d 863. Declaratory relief is forward-looking; thus, when determining if the Amended Complaint sufficiently alleges an injury in fact, the court must look past the "initial controversy" or "initial harm" and determine whether the present dispute is sufficiently immediate and real. *Id*. To determine whether the injury is immediate and real, courts look for allegations concerning the continuing or present effects of the injury. *See id.* The Amended Complaint contains no such allegations.

Even assuming the threat by DOPL was unconstitutional and caused harm to Plaintiff and others, to meet her burden, Plaintiff must plead facts sufficient to establish the alleged continuing or present effects of the injury. Plaintiff has not met this burden. Plaintiff, in her Response, claims that she does have standing to seek declaratory judgment because she "has shown in her first Amended complaint that she has *already suffered severe injuries during the entire period of time the Defendants have intentionally persecuted her* under the actions perpetrated intentionally by these Defendants" (Response at 6) (emphasis added). Plaintiff claims she was harmed "during the entire period of time the Defendants have intentionally persecuted her," but the Amended Complaint establishes that the last enforcement efforts by the DOPL were on April 16, 2024 (Exhibits at 100–103). There are no allegations indicating that Defendants are currently "persecuting" Plaintiff or alleging how the past persecutions are currently causing harm.

While Plaintiff is correct that the DOPL threat may constitute an injury in fact, the focus must be on the ongoing effects of the harm, but the Amended Complaint contains no such allegations. The Amended Complaint does not claim that Defendants are currently investigating Plaintiff, that there are ongoing enforcement proceedings, or that Defendants have shown an intention to pursue future criminal or civil actions against her. Also, the Amended Complaint does not seek any relief from future enforcement efforts. In short, seeking declaratory relief that past

actions were unconstitutional is not the same as claiming that those actions are currently causing injury.

Furthermore, Plaintiff does not allege that she is currently engaging in, or, in the alternative, intends to engage in future conduct deemed unlawful by the DOPL. Nor does she allege that she has refrained from constitutionally protected conduct due to the threat of criminal prosecution. The court, therefore, cannot find that Plaintiff has alleged injury in fact merely because she suffered harm in the past. At most, the Amended Complaint suggests that Plaintiff suffered past injury and now fears possible future injury, but that is insufficient. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 (10th Cir. 2005) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990))). Therefore, Plaintiff has not met her burden of alleging ongoing harm.

### C. **Plaintiff's Retrospective Claims for Damages**

Plaintiff's Fifth Cause of Action seeks retrospective relief in the form of damages under 42 U.S.C. § 1983 for various civil rights violations (Am. Compl. at 13). Although the court finds that Plaintiff does not have standing to seek prospective relief in the form of declaratory judgments, she does have standing to bring a § 1983 action to recover damages. *See Facio*, 929 F.2d at 544. Defendants do not contend that Plaintiff lacks standing to bring a § 1983 action; rather, Defendants argue that Plaintiff's 1983 claims should be dismissed because Defendants are immune (ECF 40 at 14). As Defendants indicate, the Amended Complaint does not specify whether Plaintiff has brought an action against Defendants in their official or individual capacities, and as such, the court will address both.

       i.     *Official Capacity Claims*

All Defendants are officers or employees of the DOPL, which is a division of the Utah Department of Commerce, a principal department of the State of Utah. *See* Utah Code Ann. § 58-1-102. Plaintiff's First Complaint only named the DOPL as a defendant (ECF 1), and this complaint was dismissed under the Eleventh Amendment (ECF 19 at 4–7). Although Plaintiff amended her complaint to add the named Defendants, when a plaintiff brings claims against state officials in their official capacities, those claims are treated as claims against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n.55 (1978))). Accordingly, Plaintiff's official capacity claims are treated as claims against the State of Utah and should be dismissed for the same reasons listed in the court's previous Report and Recommendation (ECF 19 at 4–7).

Although the State of Utah is not the correct defendant for Plaintiff's § 1983 claims, as Defendants point out, § 1983 does allow lawsuits against state officials in their official capacities for prospective injunctive relief to stop an ongoing violation of federal law. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908). As explained above, however, Plaintiff has not plausibly alleged any ongoing violation of federal law. *See supra* part III(B)(i); *see also Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) ("Because [the plaintiff] is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, we can only reasonably categorize such relief as retrospective."). Hence, to the extent she intends to allege official capacity claims, they fail for the reasons above.

        ii.     *Individual Capacity Claims*

Suits brought against government officials in their individual capacity seek to impose personal liability for actions taken by the official under color of state law. *Graham*, 473 U.S. at 165. "When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses[.]" *Id*. at 166. Defendants claim judicial immunity and qualified immunity (ECF 40 at 16–19).

a. <u>Judicial Immunity</u>

Defendants argue that Plaintiff's claims against Judge Gowan and Judge Chon should be dismissed as they are protected by quasi-judicial immunity (ECF 40 at 16–18).[2] "A judge is absolutely immune from liability for his [/or her] judicial acts even if [the] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Judges are generally immune from suits for money damages." *Pledger v. Russell*, 702 F. App'x 683, 684 (10th Cir. 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). The Supreme Court has recognized "only two narrow exceptions to absolute judicial immunity: (1) 'actions not taken in the judge's judicial capacity (*i.e.* non-judicial actions) and (2) judicial actions 'taken in the complete absence of all jurisdiction.'" *Higley II*, No. 2:14-cv-00506-CW, 2016 WL 1170811, at *2 (quoting *Mireles*, 502 U.S. at 11–12). A judge's action is "judicial" if "it is a function normally performed by a judge." *Id.* (quoting *Stump*, 435 U.S. at 362).

Here, the Amended Complaint and the Exhibits attached establish that Judge Gowan was assigned to Plaintiff's administrative case after Judge Chon recused herself (Exhibits at 84, 100–103). Presiding over an administrative hearing is clearly judicial in nature and subject to absolute judicial immunity. Thus, even if Plaintiff met her burden of providing notice, because Plaintiff has

---

[2] Defendants also assert that prosecutorial immunity should be extended to Baker for investigating the claim and presenting the State's case at the administrative hearing (ECF 40 at 12). The court addresses qualified immunity as it relates to Baker (*see supra* III(C)(i)(b)) and therefore finds it unnecessary to determine whether prosecutorial immunity applies to a non-attorney prosecutor during an administrative hearing.

failed to allege any facts showing Judge Gowan or Judge Chon acted outside their judicial capacity or in the absence of jurisdiction, her claim for money damages is barred as to Judge Gowan and Judge Chon.

### b. Qualified Immunity

Regarding the remaining Defendants—Marx, Baker, Steinagel, Busse, and Lesh—the court determines that Plaintiff has not alleged sufficient facts to demonstrate that qualified immunity does not apply to these individuals. "If sued for damages in an individual capacity, an official can assert the defense of qualified immunity." *Hinkle Fam. Fun Ctr., LLC v. Grisham*, No. 22-2028, 2022 WL 17972138, at *3 (10th Cir. Dec. 28, 2022) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To overcome the defense of qualified immunity at the motion to dismiss stage, "a plaintiff must allege sufficient facts taken as true to show that: (1) 'the [defendants] asserting qualified immunity 'violated a federal statutory or constitutional right,' and (2) 'the unlawfulness of [the defendants'] conduct was clearly established at the time.'" *Long v. Boucher*, 706 F. Supp. 3d 1329, 1335 (D. Utah 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018)). When considering the first prong, courts must consider "whether *each* defendant's alleged conduct violated the plaintiff's clearly established rights. For instance, an allegation that Defendant A violated a plaintiff's clearly established rights does nothing to overcome Defendant B's assertion of qualified immunity, absent some allegation that Defendant B was responsible for Defendant A's conduct." *Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010) (emphasis added) (quoting *Hope v. Pelzer,* 536

U.S. 730, 751 n. 9 (2002)); *see also Reynolds v. Utah Hwy. Patrol*, No. 2:23-CV-00034-DAK-CMR, 2025 WL 2211293, at *11–12 (D. Utah June 30, 2025), *report and recommendation adopted as modified,* No. 2:23CV00034-DAK-CMR, 2025 WL 2208047 (D. Utah Aug. 4, 2025) ("[A] viable § 1983 claim . . . requires a plaintiff to 'do more than show that their rights "were violated" or that "defendants," as a collective and undifferentiated whole, were responsible for those violations,' and the failure to make this particularized showing 'dooms plaintiffs' § 1983 ... claim[] and entitles defendants to qualified immunity." (quoting *A.M. v. Holmes*, 830 F.3d 1123, 1163 (10th Cir. 2016))).

Because the court has already found that the Amended Complaint does not provide enough facts to notify each Defendant of conduct that supposedly infringed Plaintiff's constitutional or statutory rights,[3] Plaintiff has not met the first requirement of the qualified immunity test. As such, the court determines that Plaintiff has failed to establish that qualified immunity does not apply in this action.

### D.  Plaintiff's Tort Claim

To the extent that Plaintiff's Fourth Cause of Action raises a state tort claim of extortion, it is barred by the Utah Government Immunity Act (GIA). The GIA grants governmental employees "broad, background immunity from injuries that result due to the exercise of a governmental function." *Pinder v. Duchesne Cnty. Sheriff*, 478 P.3d 610, 623 (Utah 2020) (quoting *Wheeler v. McPherson*, 40 P.3d 632, 635 (Utah 2002)). Courts look at three elements in determining whether immunity has been waived under the GIA: "(1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver." *Graves v. Utah Cnty.*

---

[3] *See supra* part III(B)(i).

*Gov't*, 551 P.3d 1029, 1033 (Utah Ct. App. 2024) (quoting *Van de Grift v. State*, 299 P.3d 1043 (Utah 2013))).

As for the second element, there appears to be no waiver for the intentional tort of extortion, and the Tenth Circuit has acknowledged that there are no provisions in the GIA "waiving immunity for intentional torts." *Miller v. Utah*, 638 F. App'x 707, 715 (10th Cir. 2016). Accordingly, to the extent that Plaintiff claims that Defendants are liable for extortion, this claim is barred by the GIA.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1. That Defendants' Motion to Dismiss (ECF 40) be GRANTED and this action be DISMISSED.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28 January 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah