IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Jennifer Lotusson,<br><br>               **Plaintiff,**<br><br>vs.<br><br>**Judge Amy Gowan, Judge Su Chon, Larry Marx, Benjamin Baker, Mark B. Steinagel, Margaret W. Busse, Kimberly Lesh, and John Doe Defendants 1-10,**<br><br>               **Defendants.** | **ORDER AFFRIMING & ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 2:24-cv-00418-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

      This case was assigned to United States District Court Judge Dale A. Kimball, who then referred the case to United States Magistrate Judge Cecilia M. Romero under 28 U.S.C. § 636(b)(1)(B). On January 28, 2026, Magistrate Judge Romero issued a Report and Recommendation [ECF No. 52], recommending that the court grant Defendants' Motion to Dismiss [ECF No. 40].

      The Report and Recommendation notified Plaintiff that any objection to the Report and Recommendation must be filed within fourteen days of receiving it. On February 11, 2026, Plaintiff filed an "Objection to Magistrate's Report and Recommendation."

      A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The court has reviewed the Report and Recommendation and the record *de novo* and agrees with Magistrate Judge Romero's analysis and recommendations in their entirety. Plaintiff's Amended Complaint only asserts allegations against Defendants as a group. This does not provide adequate notice to Defendants as to what actions are the predicate for individual liability. *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007) (to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face."). Further, because Plaintiff has failed to allege facts sufficient to provide notice to each defendant on how each has violated her constitutional or statutory rights, she has failed to establish that qualified immunity does not apply to this action. *See Long v. Boucher,* 706 F.Supp.3d 1329, 1335 (D. Utah 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 62-63 (2018)) (to overcome qualified immunity at the motion to dismiss stage "a plaintiff must allege sufficient facts taken as true to show that: (1) 'the [defendants] asserting qualified immunity violated a federal statutory or constitutional right,' and (2) 'the unlawfulness of [the defendants'] conduct was clearly established at the time.'"). Additionally, Plaintiff has not provided allegations supported by facts concerning the continuing or present effect of injury nor does she allege facts of an ongoing harm. Consequently, the court agrees that Plaintiff does not have standing to seek declaratory relief because she has failed to present "a suit based on an 'actual controversy.'" *Surefoot LC v. Sure Foot Corp.,* 531 F.3d 1236, 1240 (10th Cir. 2008). Finally, the court agrees that Plaintiff's tort claim is barred by the Utah Governmental Immunity Act.

Nothing Plaintiff asserts in her Objections undermines Magistrate Judge Romero's analysis of the issues. Therefore, the court adopts and affirms Magistrate Judge Romero's Report and Recommendation as the order of the court. Accordingly, the court grants Defendants' Motion to Dismiss [ECF No. 40] and dismisses the First Amended Complaint.

- DATED this 25th day of February 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge